ADEN WATERMAN, APPELLANT, vs. SAMUEL R. MATTAIR, APPELLEE.

1. It is too late after plea to the action, for the defendant to demand a bill of particulars.

2. The statute requiring the plaintiff to file with his declaration, a copy of the cause of action, is merely *directory*; but still the defendant may refuse to plead until a copy is filed or furnished him. He has a right to his rule on the plaintiff when made at a proper stage of the case, after appearance, but he waives this right, by plea to the action. It is, however, discretionary in the Judge who tries the case to grant the order at any time before the trial.

3. In an action for deceit, the covenant of warranty is not the cause of action, but the inducement to it.

4. The action is not on a *breach* of the contract, but the fraud or deceit of the defendant in the sale. It is, therefore, not requisite for the plaintiff to set forth the contract, but simply, the fraud or deceit and damages.

Appeal from a judgment of the Circuit Court of Marion County, Hon. Thomas Douglas presiding.

The appellee, Mattair, instituted against the appellant an action on the case for a deceit in the sale of a slave. The declaration is in the usual form, and alleges unsoundness of the slave at the time of sale. The following bill of exceptions, which was made a part of the record, embraces the points submitted to the Court below, the rulings of the Court thereon, and the facts appearing in the record :

"The issue having been made up in this cause, and the same having been called for trial, defendant's counsel demanded a bill of particulars from plaintiff's counsel, which being refused, defendant's counsel moved the Court for an order on plaintiff's counsel to file bill of particulars, which

motion was refused by the Court, to which ruling defendant by his counsel, excepted."

" Plaintiff's counsel offered in evidence in said cause a written covenant of waranty, under seal, from defendant to plaintiff, setting forth a warranty by defendant of the soundness of the negro woman slave, the subject of controversy in said cause. Defendant, by his counsel, objected to the admission of said paper writing, on the ground that said covenant was not set out nor described in plaintiff's declaration, either in substance or form. The Court overruled the objection, and defendant, by his counsel, excepted. Defendant, by his counsel, further objected to the admission of said covenant of warranty on the ground that no copy of the same was filed with the declaration. The Court overruled said objection, and the defendant, by his counsel, excepted ; whereupon the defendant appeals and prays the Court to sign and seal this his bill of exceptions, and make the same a part of the record in said cause."

No evidence of unsoundness is exhibited in the record. The Jury returned a verdict in favor of the plaintiff, and judgment was entered thereon, from which the defendant appealed.

*B. M. Pearson* for appellant.

*C. A. M. Mitchell* for appellee.

SEMMES, J. :

This is an action on the case, for *deceit*, in the sale of a negro slave, and the points presented to us are purely questions of practice.

The declaration alleges the warranty and fraud, on the part of the defendant, in the sale, and avers that the plaintiff, by reason of the unsoundness of said slave, incurred great expense for medical services, and in feeding and clo-

thing her. No bill of particulars was filed with the declaration, but the defendant, by his attorney, pleaded to the action, and the issues were thereupon made up. After this, and when the cause was called for-trial, the defendant moved the Court for an order on the plaintiff to file a bill of particulars, which motion was refused, and this is assigned as error on the part of the Court below.

It is very clear, and cannot admit of argument, that it is too late, after plea to the action, for the defendant to demand a bill of particulars. The only object of it, is to apprise the defendant of the nature and extent of the cause of action, in order that he may plead with the greater certainty.

Our statute requiring the plaintiff to file with his declaration a copy of the cause of action, is merely directory; but still, the defendant may refuse to plead, until a copy is filed or furnished him. He has a right to his rule on the plaintiff when made at a proper stage of the case, after appearance, but he waives this right by plea to the action, although it is discretionary with the Judge who tries the case, to grant the order at any time before the trial. 2 Arch. Prac., 222. Circumstances may arise in the progress of a cause, where it would be the exercise of a sound discretion, on the part of the Court, to relax the usual rule.

The second ground of error assigned by appellant, is, that the covenant of warranty from him to appellee, was, notwithstanding his objection, admitted by the Court below, as evidence on the trial, when in fact it was not set out in the declaration, either in substance or form. The covenant is not incorporated in the bill of exceptions, as it should have been, nor is it to be found in the record before us. If a variance in fact exists between the declaration and the covenant, it is not in the power of this Court to ascertain it, with the defective record before us. It is unques-

tionably the duty of counsel to see that the record of cases appealed from is complete, and had an application been made to us, it would have been an easy matter to have supplied this omission. We can hardly be expected to review the decisions of the Courts below, unless the facts upon which the decisions are based are brought before us.

The third and last error assigned, is, that a copy of the covenant was not filed with the declaration. Had this been necessary, it was waived by the plea. But it was not necessary. The statute requires that all bonds, notes, bills of exchange, covenants and accounts, upon which suit may be brought, or a copy thereof, be filed with the declaration. Thomp. Dig., 331.

But suit is not brought on the covenant. It is not the cause of action, but the inducement to it. The plaintiff's right to recover, it is true, grows out of the contract of warranty, but the action is not on a breach of the contract, but the fraud or deceit of the defendant, in the sale, of an unsound negro slave—a matter outside of the covenant. The *gravamen* is the deceit, and not a breach of the warranty, Williamson vs. Allison, 2 East, 246. In an action on the case, *upon* a warranty, it is necessary to state the whole consideration, the substantial parts of the warranty, and the breach of which the party complains. Miles vs. Sherwood, 8 East, 7. But in the case of Barney vs. Dewey, 13 John. Rep., 224, it was held, that in an action for deceit, it was not requisite for the plaintiff to set forth the contract in his declaration, or any consideration, but simply to state the fraud or deceit and damages. And although it is true, that the contract stated is only matter of inducement, and therefore, the same certainty is not requisite as if the action was on the contract itself, yet, whatever is alleged as inducement, must be proved, and a

variance in this respect would be as fatal, though the action is on a collateral matter, as if on the contract.

The whole case as presented to us, is too plain to admit of any doubt. A mere statement of the facts, as presented by the bill of exceptions, would seem to afford a conclusive answer to the several grounds of error assigned by appellant.

Judgment below affirmed.