THE STATE OF MINNESOTA,

*v.*

JOHN BROWN.

Where the question of the correctness of a charge or ruling depends on the facts proven, or evidence given in a case, it is incumbent on the party alleging exceptions, to show affirmatively the giving of such evidence, or existence of such facts as would make the charge erroneous.

Unless a bill of exceptions shows error, none will be presumed.

It is not required by our statute that triers should be re-sworn on the submission to them of each challenge in a case.

It is not error to swear each juror separately as he is called, and before a full jury is present in the box.

The Court is not required to secure the attendance of every juror on the regular panel, before summoning talesmen, or calling those summoned on a special venire.

The omission to place in the box, or call the name of a juror not in atten-

The State of Minnesota v. Brown.

dance at the court, could not prejudice the defendant, and is therefore not an error fatal to the judgment.

The clerk having called the names of all the jurors summoned on a special venire without completing the jury, was ordered by the court to replace in the box, and re-call the names of those who had failed to answer. *Held*:—not to be ground for reversing the judgment.

An informality, or error in practice merely, which cannot prejudice either party, is not the subject of an exception, or ground for reversing a judgment on a writ of error.

The court having failed to complete the jury from those summoned on the general and special venires, was authorizd to summon talesmen.

An improper remark of counsel, not sanctioned by the court, is not a ground of exception.

The defendant, who was charged with murder in the first degree, and found guilty of murder in the second, asked the court to instruct the jury that "the mere act of killing is no evidence of a premeditated design." *Held*:—that if it was admitted that the instruction asked is abstractly correct, yet its refusal did not prejudice the defendant. Every homicide is presumed unlawful, and where the mere act of killing is proven, and nothing more, the presumption is that it was intentional and malicious.

"Intentionally," and "with premeditated design," are not used in our statute as synonymous expressions; the latter involving a greater degree of deliberation and forethought, than the former.

If the defendant intentionally did the acts, declared by the statute murder in the second degree, he is guilty of that crime, whether they were done with a premeditated design or not.

When the plea of insanity is interposed by a defendant, the burden is on him to prove it

The court charged the jury that under the circumstances of this case they could not find the prisoner guilty of murder in the third degree. *Held*:—that the correctness of this charge depends on the facts proven, or evidence given in the case, and the bill of exceptions not showing the giving of such evidence, or existence of such facts as would make it erroneous, it must be presumed correct.

After the cause had been submitted to the jury, and before the return of a verdict, at the request of the jury, the court gave them further instructions as to the law of the case. *Held*:—not to be error ; the instructions having been given in open court, and it not being pretended that the prisoner or his counsel were not present.

It was urged in arrest of judgment that the judge had no jurisdiction to sit

in the case, because 1, his term of office had expired, and 2, that the court erroneously excused P. from serving as a grand juror, for over age. *Held:*—1. Whether the judge's term of office had legally expired, is a question that cannot be decided in this action. He was at least an officer *de facto*, and until his right to the office is settled by a direct proceeding for that purpose, it can not legally be questioned in a collateral proceeeding.

    2. The bill of exceptions not showing the contrary, we must presume that the juror excused was in fact over age, and if so, neither the defendant nor the court, had the right to require him to serve.

The defendant was indicted in the District Court for Le Sueur County for murder in the first degree, and tried and found guilty of murder in the second degree; he removes the cause to this Court by writ of error. The case is sufficiently stated in the opinion of the Court.

Cox & Griffin for Plaintiff in Error.

W. Colvill, Attorney General.

*By the Court.*—Wilson, Ch. J. This case comes here on writ of error. The exceptions taken in the Court below were very numerous, but many of them were not insisted on in the argument by the plaintiff in error in this Court. Those abandoned are clearly untenable, and therefore are passed without notice; those insisted on we will not take up *seriatim*, as sometimes many of them are disposed of by the decision of a single question; and of the questions passed upon, we will discuss few at any length, as a reference to the language of the statute, or to a well settled legal principle, is frequently all that is necessary.

The judge below, in settling the bill of exceptions, says : " I allow and affirm the foregoing bill of exceptions as corrected by me, except that part which purports to give copies of indictment, venires, list of jurors drawn, list of names from which

same were drawn and certificates. I have no means of knowing whether they are correct or not. The rest I affirm. No copy of evidence made part of the case." As we cannot assume the correctness of these copies, and as they are the only evidence we have of the form or contents of the papers of which they purport to be copies, we do not discuss exceptions based on alleged errors not otherwise shown to exist. It is not required by our statute that triers should be re-sworn on the submission to them of each challenge in a case, and the objection because they were not re-sworn was properly overruled. *Comp. Stat.*, 775, *Sec.* 80.

The defendant objected to " swearing jurors until panel is full." It does not appear from the record or bill of exceptions, that when the objection was made a full panel of jurors was not present. We suppose the objection was to swearing the jurors separately as called, and before the full jury was present in the box. The course pursued by the court in swearing each juror separately was correct, being sanctioned by both practice and the statute. *See Comp. Stat.*, 773, *Sec.* 14–16.

The clerk having informed the court, that " the names of jurors on the regular panel are exhausted," the court ordered " the names of jurors on the special venire, (which had before been ordered,) to be placed in the jury box"; objected to, 1, because, the original panel of petit jurors served with process was not exhausted, (one juror of the regular panel did not appear,) and 2, because the name of a juror who did not appear, was not placed in the box. This objection was also properly overruled. The court is not required to secure the attendance of every juror on the regular panel before summoning talesmen, or calling those summoned on a special venire. The defendant might have required an attachment to be issued for absent jurors, but even then the court would not

have been bound to wait for the return of the writ. *Comp. Stat.*, 770, *Sec.* 7. The omission to place in the box, or call the name of a juror not in attendance at the court, could not possibly have prejudiced the defendant, and is therefore not an error fatal to the judgment. *See People vs. Ransom*, 7 *Wend.*, 417.

The clerk having called the names of all the jurors summoned by the special venire, without completing a jury, was ordered by the court to replace in the box and re-call the names of those who failed to answer, to which order or ruling the defendant excepted. This was perhaps not in accordance with the ordinary practice, but not being contrary to the statute, or in any view prejudicial to the defendant, cannot be considered a ground for reversing the judgment. 2 *G. & W. on New Trials, chap.* 4 ; *People v. Ransom, supra.*

An informality, or error in practice merely, which cannot prejudice either party, is not the subject of an exception, or ground for reversing a judgment on writ of error. *Tidd's Practice,* (*4th Am. Ed.*) 863, *notes.*

The court having failed to complete the jury from those summoned on the general and special venires, was clearly authorized to summon talesmen. *Comp. Stat.*, 770, *sec.* 12. A remark of counsel, which does not appear to have been sanctioned by the court, is not a ground of exception. We must presume, the bill of exceptions showing nothing to the contrary, that the court disapproved of any improper remark, and properly instructed the jury to disregard it. It is claimed by the defendant that it was error in the court to refuse to charge that " the mere act of killing is no evidence of a premeditated design." If it was admitted that the instruction asked is abstractly correct, its refusal did not prejudice the defendant. Our statute declares the killing of a human being without the authority of law, murder, and "such killing when

perpetrated with a premeditated design to effect the death of the person killed, or any human being," murder in the first degree; "when perpetrated by any act eminently dangerous to one or more persons, and evincing a depraved mind, regardless of the life of such person or persons, although without any design to effect death," murder in the second degree; "when perpetrated without any design to effect death by a person engaged in the commision of any felony," murder in .the third degree. *Laws of* 1862, *Chap.* 14. Defendant was charged with murder in the first degree, and found guilty of murder in the second. Every homicide is presumed unlawful, and when the mere act of killing is proven, and nothing more, the presumption is that it was intentional and malicious. *People vs. McLeod,* 1 *Hill,* 436; *Com. vs. York,* 9 *Mer.* 95. "Intentionally," and "with premeditated design," do not seem to be used in our statute as synonymous expressions; the latter involving a greater degree of deliberation and forethought, than the former. If the defendant intentionally did the acts declared by the statute murder in the second degree, he is guilty of that crime, whether the acts were done with a premeditated design or not. The charge therefore, even if erroneous, (which we only admit for the purpose of this argument,) was harmless, and is not a ground for reversing the judgment.

In *Bonfanti vs. the State,* it is settled that when the plea of insanity is interposed by a defendant, the burden is on him to prove it. This disposes of the many exceptions to the charge, or refusals to charge, on the question of insanity.

It does not appear that there was any evidence in the case tending to show the defendant insane, and therefore it is immaterial whether "the act of killing is no evidence of insanity," or whether "threats of bodily harm to any human being, if such threats were made by the accused, are not evi-

dence of the sanity of the accused," or whether "insanity, distraction, or mental aberration, may be occasioned by concussion of the brain," or whether "mental aberration in medical jurisprudence is consequent upon concussion of the brain." So far as the bill of exceptions shows, these were all questions of abstract speculation inapplicable to this case, and concerning which the Court properly refused to charge. The Court charged the jury that under the circumstances of this case they could not find the prisoner guilty of murder in the third degree, which is alleged as error; but there is nothing to show it erroneous. Whether it was correct or not depends on the evidence in the case; and when the question of the correctness of a charge or ruling depends on the facts proven, or evidence given, it is incumbent on the party alleging exceptions, to show affirmatively the giving of such evidence, or existence of such facts as would make the charge erroneous. Unless a bill of exceptions shows error none will be presumed. *Tidd's Practice*, 862, *and Notes.*

After the cause had been submitted to the jury, and before the return of a verdict, at the request of the jury, the Court gave them further instructions as to the law of the case. This was done publicly in open Court, and under such circumstances we are not aware of any objection either in law or reason to the practice. It is not pretended that the defendant or his counsel were not present.

After verdict a motion was made in arrest of judgment and for a new trial. Numerous errors were alleged as ground for arresting the judgment, but two of which are urged or relied on in this Court.

1. That "the judge had no authority or jurisdiction to sit in the case, because his term of office had expired." 2. "The court excused Wm. Phelps from serving as a grand juror, for over age, without defendant's consent." Whether the judge's

term of office had legally expired, is a question that cannot be decided in this action. He was at least an officer *de facto*, and until his right to the office is settled by a direct proceeding for that purpose, it cannot legally be questioned in a collateral proceeding. *People vs. White*, 24 *Wend.*, 520, *by Bronson, J. Fowler vs. Beebe*, 9 *Mass.*, 231; *Commonwealth vs. Fowler*, 10 *Mass.*, 291 ; *State vs. Brennon*, 25 *Conn.*, 278; *State vs. Miller*, 5 *Wis.*, 308; *Brown vs. Lunt*, 37 *Maine*, 423; *Carlton vs. People*, 10 *Mich.*, 250; *Plymouth vs. Painter*, 17 *Conn.*, 588.

The second objection is also without any foundation. We must presume that the grand juror excused was in fact over age, for the record does not show the contrary; and if so, neither the defendant, nor the Court, had the right to require him to serve. *Comp. Stat.* 636, *Sec.* 4. Whether there was a sufficient case made in the Court below for a new trial, we are not called upon here to determine, for the bill of exceptions presented to us does not show the ground upon which the motion was made, or that it has been denied. Appended to the bill of exceptions, but not a part of it, or attested or certified to by the judge, is a copy of an affidavit of C. N. Dane, with the following words added :

"Motion for new trial overruled and defendant sued out writ of error."

There is no evidence that this Court can act upon, that any such affidavit was presented to the Court below.

The plaintiff in error, we think, shows no ground for reversing the judgment, and it is therefore affirmed.