GRIFFIN KING and JIM REDDICK v. STATE.

169 So. 747.

Division B.

Opinion Filed September 22, 1936.

Purl G. Adams, for Plaintiffs in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction under the first count of an indictment in which it is charged that the defendants "did willfully and maliciously kill a steer, the property of one D. S. Sellars, by shooting said steer with a gun."

Plaintiffs in error state that there are four questions to be determined by us. Their first contention is that they were derpived of their lawful right of exercising the challenge of jurors. The record shows the following:

"The State tendered a panel of six jurors.

"The Court: A full panel has been tendered, and I want you to state now, Mr. Adams, which you accept.

"Mr. Adams: We desire to object to the court requiring us to state now which we accept.

"The Court: The Court has that power. And the court feels—

"Mr. Adams: The defendants object to the court swearing only five jurors in this case and barring the defendant, King, from further challenge of either of those five which the Court is attempting to swear in this case.

"The Court: The State having tendered a full panel to the defendants, and the defendants having made only one

challenge, the Court overrules his motion because of the fact that a full panel has been tendered and the Court requires that the defendant exercise his right of challenge of others at this time before the remaining ones are sworn.

"Exception noted.

"Mr. Adams: At the present the defendant has no further challenge but desires the right to reserve his privilege to challenge either of the five tendered upon the State tendering a full venire of six.

"The Court: After each side having exhausted quite a number of challenges, the State having at last tendered a full panel to the Defendant, the Court then required the defendant to exercise all his right of challenges as to those remaining the reservation or proffer of defendant is denied. The record will show those remaining to be J. H. McDonald, J. M. Hunt, W. M. McCullough, James V. McIver and J. W. Commander, those and Clyde Campbell were tendered by the State. The defendant challenged Clyde Campbell and there remains in the panel as tendered those that have been named with the exception of Clyde Campbell. The court requires the exercise of challenge as to those remaining and the proffer of defendant as to challenge of these is denied.

"Exception noted.

"Mr. Beggs: The State tenders the five.

"Mr. Adams: We want to object to the swearing of the jury—the defendant objects to the swearing to try the issue in this case only five jurors when the law requires six.

"The Court: The panel not having been completed, and these having been tendered and accepted, the Court overrules the objection and will swear these five. (Five jurors sworn).

"Exception noted.

"Mr. Beggs: The State tenders the jury (panel of six).

"Mr. Adams: We desire to challenge J. M. Hunt, one of the jurors sworn awhile ago.

"The Court: The challenge is denied inasmuch as he has already been sworn and opportunity previously given for challenge, annd the juror having already been sworn.

"Exception noted.

"Additional juror sworn."

In Mathis v. State of Florida, 45 Fla. 46, 34 Sou. 287, we held:

"The better practice is to postpone the swearing in chief of the jurors until the full panel is obtained, so as to allow the longest possible time for peremptory challenges, but in the absence of a statutory provision, the rule is that the time and manner of swearing jurors in chief, after they have been examined on *voir dire* and an opportunity given for challenge, are within the sound judicial discretion of the court, the exercise of which will not be disturbed by an appellate court unless clearly abused."

That rule has not been changed either by statute or by court decision in this State. Therefore, where it has not been made to appear that there has been an abuse of sound judicial discretion of the Court, a verdict and judgment should not be disturbed on the ground that the Court required proposed jurors to be sworn in chief as and when they had been called and they had been called and examined on their *voir dire* and an opportunity had been given for challenges which were not then exercised. In this case there is no showing of an abuse of discretion or that the defendants in the court below, plaintiffs in error here, suffered the denial of a substantial right. See McRae v. State, 62 Fla. 74, 57 Sou. 348; Cochran v. State, 65 Fla. 91, 61 So. 187; Mathis v. State, 31 Fla. 291, 12 So. 681.

The second contention presented by plaintiffs in error is that the sentence was imposed under the provisions of Sec. 5240, R. G. S., 7359 C. G. L., when the conviction and sentence should have been under Sec. 5241 R. G. S., 7360 C. G. L  The evidence is sufficient to support the conviction under provisions of Sec. 5240 R. G. S., 7359 C. G. L., when considered in connection with and in the light of the opinion and judgment in the case of Parker and Pringle v. State, opinion filed July 9th, 1936, and on authority of opinion and judgment in that case we hold that no reversible error is made to appear in this regard.

The third contention of the plaintiffs in error challenges the sufficiency of the evidence to sustain the verdict and judgment on the ground that the identity and ownership of the steer was not sufficiently proved. We have considered the evidence in this regard and find it amply sufficient to constitute legal basis for the conclusion of the jury that the identity and ownership of the steer had been proved as laid in the indictment.

The fourth contention is that the court erred in not permitting the defendants to prove that "Walton County Protective Stockmen's Association had offered to pay anyone a reward of $50.00 for the arrest and conviction of anyone stealing and/or attempting to steal and/or killing a cow of another."

The record shows the following to have occurred during the progress of the trial:

"Statement of State's case made by Mr. Beggs.

"Statement of defendant's case made by Mr. Adams.

"Mr. Beggs: We object to that (being statement of Mr. Adams, in substance, that Walton County Stockmen's Association has offered reward of $50.00 for conviction for stealing cattle).

"The Court: You can't make a statement of what you expect to prove about any organization—if it was a specific offer to these witnesses, you might.

"Jury directed to retire.

"Mr. Adams: We proffer to make a statement to the jury that we expect the evidence to show that the Walton County Protective Stockmen's Association offered to pay anybody, including the State Witnesses, Joe Fountain and his son, Eldridge Fountain, a reward of $50.00 each for the arrest and conviction of anyone stealing, and/or attempting to steal, and/or killing the cow of another, and that these defendants did not do either of that, but that it was killed by the State witness in an effort to collect the reward.

"The Court: If the proffer was to prove that these two men had been offered a reward—or if you limited it that they had been specifically offered a reward, it might be relevant, but any organization giving a general reward to anybody would not be relevant.

"Exception noted.

"Jury returned into Court.

"Testimony adduced as follows:"

The plaintiffs in error in their brief have not directed us to any place in the record where defendants proffered to prove by any witness on the stand that any record had been offered for evidence leading to a conviction of any person or persons of the offense of stealing cattle, attempting to steal cattle, or killing the cow of another. Nor does the record show that any evidence or testimony was proffered to prove that the State's witnesses, or either of them, killed the steer involved in this case for the purpose of collecting a reward, or otherwise.

Therefore, the record does not support the contention of the plaintiffs° in error that they were denied the right to introduce testimony proving, or tending to prove, that the crime alleged against them was committed by another.

No reversible error is disclosed by the record.

The judgment should be affirmed and it is so ordered. Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., concurs in the result.