MANN, Judge.
Moncur was the third person involved in this robbery. The first was acquitted at an earlier trial. The second entered a guilty plea, which the trial judge received in the presence of the venire from which Moncur’s jury was to be selected. The judge spoke critically of the jury which had acquitted the first participant. Immediately after the second participant’s plea was received, Moncur’s lawyer moved for continuance until a new venire could be summoned. This motion plainily should have been granted. The state responds that the prejudicial remarks were harmless since the jurors in Moncur’s case had not been sworn. This argument is without merit. Moncur is entitled to a fair trial before an impartial jury, excluding even those whose minds have been tainted by news *689 paper publicity long before they have been called, much less sworn.
A new trial is required by Hamilton v. State, Fla.App.3d 1959, 109 So.2d 422; Robinson v. State, Fla.App.3d 1964, 161 So.2d 578; Singer v. State, Fla.1959, 109 So.2d 7. See, generally, Sheppard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600.
LILES, A. C. J., and McNULTY, J., concur.