294 So.2d 411 (1974)
Jimmie Ralph KNEE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-999.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Jimmie Ralph Knee, appeals a judgment of conviction and sentence for robbery. We reverse.
Jimmie Ralph Knee, was charged by information for the robbery of a Food Fair grocery store that occurred on February 26, 1973. Trial was by jury. The jury found the defendant guilty of the robbery. The trial court entered judgment accordingly and sentenced the defendant to fifteen years in prison. It is from this judgment and sentence that the defendant appeals.
The primary question for our determination is whether the trial court erred in denying defendant's peremptory challenge to a juror during voir dire examination.
The law is well settled in Florida that a criminal defendant has a right to peremptorily challenge a juror at any time before the juror is sworn in chief. 20 Fla.Jur., Jury § 93. Ellis v. State, 25 Fla. 702, 6 So. 768 (1889); Bradham v. State, 41 Fla. 541, 26 So. 730 (1899); Myers v. State, 43 Fla. 500, 31 So. 275 (1901); Wolf v. State, 72 Fla. 572, 73 So. 740 (1917); Kennick v. State, 107 So.2d 59 (Fla.App. 1958). This is totally consistent *412 with Rule 3.310, Fla.RCrP, 33 F.S.A. (1971), which provides that a challenge to an individual prospective juror, whether for cause or peremptorily, may be exercised only before the juror is sworn to try the case, except that upon good cause shown, the court may permit such challenge to be made after the juror is sworn but before any evidence is presented.
In the instant case, the trial court directed general collective questions on voir dire to a panel of six prospective jurors (Marasco, Dennis, McCaskill, McCleary, Weber, and Balon). The prosecutor made individual inquiry and accepted the jury. Defense counsel excused venireman McCleary. Nancy Caudle was then called as a prospective juror. Questioning by the prosecutor ensued. The prosecutor accepted the panel. Defense counsel upon inquiry excused Marasco. Maurice Sonnenberg replaced Marasco. After questioning Sonnenberg, the prosecutor accepted the jury. Defense counsel excused venireman McCaskill. Frank Michtich was called to replace McCaskill in the jury box. Inquiry was conducted by the prosecutor who again accepted the panel. Defense counsel excused Michtich. The trial court then called a conference at the bench and announced that he would only allow counsel for the respective parties to challenge a new person called to the jury box, not the five persons (Sonnenberg, Dennis, Caudle, Weber and Balon) in the jury box at the time of the court's ruling. Defense counsel objected to the ruling.
Various prospective jurors were called to occupy the remaining seat in the jury box. Voir dire by counsel continued. During such questioning the trial court permitted further inquiry of the five veniremen previously seated in the jury box. Defense counsel subsequently sought to exercise one of his peremptory challenges to excuse venireman Sonnenberg. The peremptory challenge to excuse Sonnenberg was denied, the trial court relying on its earlier ruling. After a sixth juror was agreed upon by the parties, the jury, including Sonnenberg, was sworn in chief and the case tried.
We conclude the trial court erred in denying the peremptory challenge to Sonnenberg as the challenge was exercised prior to the jury being sworn in chief. Accordingly, the judgment and sentence is reversed and the cause remanded for a new trial.
We have considered the remaining points on appeal and find them to be without merit.
Reversed and remanded.
OWEN, C.J., and MAGER, J., concur.