McCORD, Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict in a suit for damages arising out of a motor vehicle collision.
The first question raised on this appeal is whether or not the trial judge erred in dismissing two prospective jurors for cause. The jury panel as a whole was first examined by counsel on voir dire before any jurors were called to the jury box. The entire voir dire examination was not reported, but counsel agree that several prospective jurors, on being asked if-.they would have to accept the testimony of a medical doctor as contrasted to that of a chiropractic doctor, said that they would do so. The names of prospective jurors were then drawn to take their seats in the jury box and when the names of two prospective jurors who had answered as aforesaid were drawn, appellee challenged them for cause and the court sustained the challenge.
The two jurors were then interrogated a second time and this second interrogation was reported. Upon appellee’s counsel asking them if they would be forced to accept the testimony of an orthopedic doctor or surgeon over the testimony of a chiropractor, one answered, “Yes, I would think so,” and the other answered, “That is all I would have to go by, yes.” Questions by counsel for appellant revealed that the two prospective jurors woud not disbelieve a chiropractor or reject a chiropractor’s testimony just because he was a chiropractor, but -that because of previous training they would attach more credit or weight to a medical doctor’s testimony.
During the course of the voir dire examination, appellee used two of her three pre-emptory challenges. If the court erred in sustaining appellee’s two challenges for cause, such in effect gave appellee an extra preemptory challenge.
It is our view that it was error for the trial judge to excuse the two jurors for cause based upon their answers to the questions asked them. It is apparent that the court would have excused for cause any of the other members of the jury who were called to the box who had answered in the same way. Such could have the effect of conditioning remaining members of the panel to give greater weight to the testimony of the chiropractor over the testimony of the medical doctor. The jurors at the time of this voir dire examination had heard no testimony of either doctor as to the extent of his qualifications. By the voir dire questions, the jurors were required to judge which of the two expert witnesses’ testimony would be given the *84 greater weight not only before the witnesses testified, but also before they had heard the court’s charges on believability and weight.
It is, of course, a juror’s prerogative to determine the weight and believability he will accord to a particular witness’ testimony, and he makes that determination from various factors including his general knowledge. If a juror in the final analysis after hearing the testimony can make that determination based upon his understanding of such factors, he should not be stricken for cause. Of course, questions on voir dire may uncover such prejudice on the part of a juror that he could not fairly make such determination, but here the questions asked the jurors did not go far enough or to the point of uncovering prejudice. A judgment based upon a juror’s understanding of the qualifications of an expert witness in a particular field based upon his common sense, judgment and experience is not prejudice. It is his duty and responsibility to make such determination.
The Florida Supreme Court in Singer v. State, 109 So.2d 7 and Piccott v. State, 116 So.2d 626, held that the competency of a challenged juror is a question of mixed law and fact to be determined by the trial judge in his discretion; that his decision will not be disturbed unless error is manifest. For the foregoing reasons, we consider the error in dismissing the two jurors for cause was manifest.
Appellant next contends there was no evidence to support the court’s instructing the jury on aggravation of a pre-existing condition. An examination of the record reveals there was some evidence presented relating to aggravation of a pre-existing condition, and we therefore find the court’s instruction was proper.
Appellant also contends there was no evidence justifying an instruction by the court on future medical expense and future loss of earnings: We have examined the court’s instructions and do not find that it gave a charge on future medical expense. The only reference to future loss of earnings was in the instruction on the mortality tables. This instruction should have made no reference to future earnings as there was no evidence to support a charge on loss of future earnings. Also, the charge on reducing future damages to present worth should not have been given because the only evidence of future damages was on future pain and suffering which damage amount is not reduced to present worth.
Reversed and remanded for a new trial.
RAWLS, C. J., and BOYER, J., concur.