303 So.2d 429 (1974)
Arnulfo BOCANEGRA, Appellant,
v.
STATE of Florida, Appellee.
No. 73-768.
District Court of Appeal of Florida, Second District.
November 27, 1974.
Jack O. Johnson, Public Defender, and Dennis P. Maloney, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
In this appeal from judgment and sentence for robbery, Bocanegra contends that he was deprived of a fair and impartial trial as the result of the trial court's unusual procedure of swearing the jurors severally before the full panel had been selected.
Bocanegra submits that in this case there existed an extrinsic circumstance which, when coupled with the voir dire procedure employed, would be sufficient to deprive him of due process of law.
After ten jurors, including Edward K. Brown, had been accepted and sworn, Mrs. Ona Lee Brown was impaneled and immediately asked if it would be proper for her husband and herself to serve on the same jury. The trial judge ruled that there was nothing to prevent both of them from sitting on the same jury. Defense counsel proceeded with his voir dire examination of Mrs. Brown, found her acceptable, and attempted to excuse Mr. Brown. The trial judge denied the peremptory challenge and *430 defense counsel then attempted to challenge Mr. Brown for cause. Mrs. Brown was peremptorily excused by the State. Later, out of the hearing of the jury, defense counsel again asked the court's permission to challenge Mr. Brown. The court then questioned Mr. Brown and was assured that Brown was completely unprejudiced and unbiased and that defense counsel's unsuccessful attempt to excuse him would have no bearing whatsoever on his verdict.
Absent a showing of abuse of discretion, it is not error to swear the jurors individually rather than as a complete jury. Mathis v. State, 45 Fla. 46, 34 So. 287 (1903); King v. State, 125 Fla. 316, 169 So. 747 (1936). In this instance there was no showing of an abuse of discretion, or that Bocanegra was prejudiced by the procedure followed. However, there could be circumstances that would necessitate a reversal and new trial which could be alleviated by following the better practice stated in King and Mathis as follows:
"`The better practice is to postpone the swearing in chief of the jurors until the full panel is obtained, so as to allow the longest possible time for peremptory challenges, ...'" King, supra, at p. 748.
Bocanegra next contends that the trial court erred in announcing in the presence of the venire from which the jury was to be selected that his co-defendant, James Lester, had entered a plea of guilty to second degree murder and that Lester may appear as a witness in the case.
The trial judge made a lengthy explanation of the significance of a co-defendant's guilty plea and stated that it had no bearing upon their consideration of the guilt or innocence of Bocanegra. He further cautioned them to consider nothing other than the evidence from the witness stand. Upon questioning the venire, the judge was assured that they could serve fairly and impartially without being influenced in any way. He then offered defense counsel an opportunity to interrogate the jurors concerning their statement that they would not be influenced.
Defense counsel promptly objected and moved for a mistrial, which motion was denied.
Bocanegra relies on Moncur v. State, Fla.App.2d 1972, 262 So.2d 688, but that case is not controlling. In Moncur, the guilty plea of one of the participants in the crime was received in the presence of the venire from which Moncur's jury was to be selected. In addition, in the presence of the venire, the judge spoke critically of the jury which had acquitted another participant in the same crime.
In the present case the record of the trial proceedings reveals that Lester did testify regarding his participation in the crime and his guilty plea was mentioned. The record further shows that Bocanegra was acquitted of the charge of murder in the first degree.
In numerous federal cases where proper cautionary instructions are given, the courts have held that it was not prejudicial error to the remaining defendants for the jury to be informed that one or more defendants had pled guilty. United States v. Soares, 10th Cir.1972, 456 F.2d 431; United States v. Earley, 10th Cir.1973, 482 F.2d 53, cert. den. 414 U.S. 1111, 94 S.Ct. 841, 38 L.Ed.2d 738, and cases cited; Cohen v. Wainwright, 5th Cir.1969, 418 F.2d 565, cert. den. 399 U.S. 933, 90 S.Ct. 2269, 26 L.Ed.2d 804. See also discussion in Grisette v. State, Fla.App.1st 1963, 152 So.2d 498.
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.