ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, First District, in Williams v. Nowling, reported at 297 So.2d 82 (Fla.App. 1, 1974), which purportedly conflicts with Piccott v. State, 116 So.2d 626 (Fla.1959), and Bailey v. Deverick, 142 So.2d 775 (Fla.App. 2, 1962).
Petitioner, plaintiff-below, seeks review of the decision of the District Court of Appeal, First District, reversing a judg-. ment entered pursuant to a jury verdict for damages arising out of an automobile collision and remanding the cause for a new trial. The only meritorious point for review sub judice involves the dismissal of several jurors for cause which dismissals, the District Court concluded, were error in that the dismissals had the effect of conditioning remaining members of the panel to give greater weight to the testimony of the chiropractor over the testimony of the medical doctor, orthopedic surgeon.
Petitioner sued respondent for injuries sustained as a result of an automobile collision. She was treated by two orthopedic surgeons and by a chiropractic doctor. The depositions of these three medical witnesses were presented as evidence at the trial which resulted in a jury verdict and judgment in the amount of $7,500.00 for petitioner.
Although the entire voir dire examination of the jurors was not reported, counsel agree that during petitioner’s voir dire examination of the jury panel, the prospective jurors were asked if there is a conflict in medical testimony between an orthopedic doctor and a chiropractic doctor, whether any of them would be impelled to accept the testimony of the orthopedic doctor without regard to any of the other circumstances of the case. Several of these prospective jurors answered this inquiry in the affirmative. Two of those persons responding in the affirmative were drawn as potential jurors when the jury was selected. Petitioner challenged these two jurors for cause based on their response to the previous inquiry. The trial court sustained these challenges for cause over respondent’s objection. The following interrogation of the two jurors whose dismissal for cause is being questioned, sub judice, appears in the record:
“Mr. Gaines [Counsel for defendant]: Mrs. Cherry.
A. Yes Sir.
Q. Speak loudly enough so the lady can hear it. Mr. Warfield was asking you some questions, and I believe you indicated that you would put greater weight to the testimony of a medical doctor than you would a chiropractor, is that right, Ma’am?
A. I think I would.
Q. Do you feel that a medical doctor is better qualified than a chiropractor , to give you better testimony?
A. Yes.
Q. Would you give the testimony of a chiropractor special weight that you feel he deserves based on his background and experience?
*549 A. Yes.
Q. In other words, there is nothing about your past history that would make you just reject out of hand anything by a chiropractor just because he is a chiropractor ?
A. No.
Mr. Warfield [Counsel for plaintiff]:
Q. I asked you if an orthopedic doctor testified one way and a medical doctor testified another way, would you he forced to accept the testimony of an orthopedic doctor ?
A. Yes, I would think so.
Mr. Gaines:
Q. That is because it is based on his experience and training and you feel he is better qualified to give an opinion than a chiropractor ?
A. Yes. Like I said, I would seek a medical doctor, first.
Mr. Gaines: Let the record show that the Court let them challenge for cause over the strenuous objections of the defendant.
Mr. Gaines: Mrs. Norvell.
A. Yes, sir.
Q. I believe you are a registered nurse ?
A. Yes, sir.
Q. I believe in response to a question ■ earlier asked by Mr. Warfield, you indicated that you feel the testimony of a medical doctor is more entitled to credit than that of a chiropractor?
A. Yes, sir.
Q. Is that because of the training and experience that a medical doctor has as opposed to a chiropractor ?
A. Yes, sir.
Q. There is no feeling on your part that just because a person is a chiropractor you wouldn’t believe what he said?
A. No, that’s correct.
Mr. Warfield:
Q. The question I asked you was if a medical doctor testified one way and a chiropractor doctor testified another, you would be forced to accept the testimony of an orthopedic surgeon then?
A. That is all I would have to go by, yes.
Mr. Gaines: Let the record show that the Court permitted the plaintiff to exercise cause of the juror Norvell over the tremendous objection of the defendant.”
In addition to these two challenges for cause, petitioner exercised a challenge for cause of one juror to which the respondent had no objection, and two peremptory challenges.
The District Court of Appeal held that it was error for the trial judge to excuse the two jurors for cause based upon their answers to the questions asked them and that such error was manifest warranting reversal and remand for a new trial. Additionally, the District Court found no merit in respondent-defendant’s contention that there was no evidence to support the court’s instructing the jury on aggravation of pre-existing condition, concluded that examination of the record reveals there was some evidence presented relating to aggravation of a pre-existing condition and, therefore, found the court’s instruction to be proper. Relative to respondent-defendant’s contention that there was no evidence justifying instruction by the court on future medical expense and future loss of earnings, the District Court concluded after examining the court’s instruction, that the court did not give a charge on future medical expense and that the only ref *550 erence to future loss of earnings was in the instruction on the mortality tables.
We agree with the District Court’s decision relative to the instructions to the jury which holdings respondent challenges; however, we cannot agree with the decision by the District Court that the dismissal of the two jurors for cause constitutes manifest reversible error.
Petitioner argues that the trial judge saw the prospective jurors and heard their answers to the questions propounded by petitioner’s counsel during the original unreported voir dire examination, that he saw and heard their reactions to questions posr ited for both parties which ware reported at the request of respondent after the trial court indicated it would dismiss the two challenged jurors for cause, and that he was in the best' position to determine whether or not the jurors were qualified to sit on this particular case in view of their preconceived opinions. We agree and must note that the trial judge is the “man on the ground” in full view of the premises operating under the pressure of a time schedule and generally without the benefit of immediate library resources or a research staff. During the course of proceedings before him, he is required to rule often and to rule quickly and circumstances require that he be given wide discretion. In the absence of a clear abuse of such discretion or unless his “on sight” ruling is in clear violation of the law, it will not ordinarily be disturbed.
This Court and the appellate courts in this State have consistently held that the trial judge has a very broad discretion in excusing jurors for cause. In Piccott v. State, 116 So.2d 626 (Fla.1960), app. dism. 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83, this Court opined that competency of a challenged juror is a question of mixed law and fact to be determined by the trial judge in his discretion and the decision of the trial judge will not be disturbed unless the error is manifest. Specifically, this Court emphasized:
“Seldom, if ever, will excusal of a juror constitute reversible error for the parties are not entitled to have any particular jurors serve. They are entitled only to have qualified jurors. No complaint is made here that the jurors who served were not qualified.”
Cf. Walsingham v. State, 61 Fla. 67, 56 So. 195 (1911); Adams v. Elliott, 128 Fla. 79, 174 So. 731 (1937); Singer v. State, 109 So.2d 7 (Fla.1959); Bailey v. Deverick, 142 So.2d 775 (Fla.App. 2, 1962); Newton v. State, 178 So.2d 341 (Fla.App. 2, 1965); Sims v. State, 184 So.2d 217 (Fla.App. 2, 1966); 20 Fla.Jur. Jury Sections 70 and 120. We quote with approval the following excerpt from 47 Am.Jur.2d Jury Section 222:
“Discharging or excusing a qualified juror is not generally regarded as prejudicial or reversible error. Thus according to a number of cases, the erroneous allowance of a challenge for cause is no ground of complaint where a competent and unbiased jury is finally selected.”
Sub judice, the trial judge did not abuse his discretion nor did he commit reversible error in allowing the questioned dismissals for cause. As petitioner points out, respondent has made no showing nor does she even contend that the jurors who were chosen to try this case were incompetent, biased or otherwise unqualified.
Accordingly, the decision of the District Court is quashed only insofar as it holds that the dismissal of the two jurors for cause was reversible error and this cause is remanded to the District Court with directions to proceed in accordance with the views herein expressed.
It is so ordered.
ADKINS, C. J., OVERTON and ENGLAND, JJ., and ALDERMAN, MOR-PHONIOS and TENCH, Circuit Judges, concur.