319 So.2d 51 (1975)
James Stephen WALDEN, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. W-227.
District Court of Appeal of Florida, First District.
September 19, 1975.
Richard W. Ervin, III, Public Defender, and Judith J. Dougherty, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Walden was charged with assault to rob and assault to murder; he was found guilty of both charges by a jury; he was adjudged guilty and sentenced to prison. The point of importance here is whether the trial court erred in refusing to permit Walden to challenge several jurors peremptorily after Walden and the State had accepted the jury, but before the jury was sworn.
The jury was examined and was accepted by both parties on the day before the trial, however, the jury was not sworn. After the jury to try this case was accepted, the jury panel was excused. On the next morning, just before the jury was to enter the box, Walden informed the trial court that he wanted to challenge peremptorily two jurors. The trial court denied Walden's request to challenge the jurors on the basis that by accepting the jury he waived his right to challenge, and that to permit him to challenge would amount to granting a motion for continuance as there was no panel remaining from whom replacement jurors could be selected. The trial court erred.
Rule 3.310, Florida Rules of Criminal Procedure, provides that a defendant may challenge a prospective juror before the jury is sworn to try the case. Since 1860, the law of our State has been that a defendant has the right to retract his acceptance and object to a juror at any time before the juror is sworn. This Court found no modification of this right since that date in Shelby v. State, 301 So.2d 461 (Fla.App. 1st, 1974).
Reversed and remanded for a new trial.
McCORD, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I would affirm. I agree that the general law is as stated in the majority opinion *52 and that a defendant has the right to challenge a juror at anytime before the jury is sworn. However, that general law was not intended to afford defense counsel nor their clients a vehicle for frittering with the Court. Appellant and his counsel well knew on the day that the venire was examined and the prospective jurors accepted by both parties that the remaining members of the jury venire would be excused and not be available on the following day. Appellant's attorney examined the several jurors and finally accepted the panel. The next day, when appellant knew that it was impossible to select additional jurors, he sought to peremptorily challenge two of the jurors which had been accepted by him on the preceding day. He did not seek to excuse them for cause nor did he demonstrate that he had discovered any prejudice nor any other basis for challenge not known to him on the preceding day when the jurors were accepted and when the entire venire panel was available had the jurors been peremptorily challenged at that time. I would hold that under such circumstances, viz.: In the absence of a showing of some newly discovered reason or basis for challenge, the acceptance of the jury constituted a waiver of the right to exercise his additional peremptory challenges.
Appellant urges that if the court had intended to transform the accepted group of prospective jurors into a sworn jury then the oath should have been administered immediately upon acceptance and prior to the excusing of the remaining venire. The reasons for not immediately administering the oath are self-evident but in no event have any relationship to the point here involved. (See Allen v. State, 1906, 52 Fla. 1, 41 So. 593; State ex rel. Williams v. Grayson, 1956, 90 So.2d 710, 63 A.L.R.2d 777; Kennick v. State, Fla.App., 1959, 107 So.2d 59; and State v. Bernard, Fla.App.3d 1971, 254 So.2d 38, writ discharged with opinion Sup.Ct. Fla. 1972, 261 So.2d 133) Appellant has made no showing, nor does he even contend that the jurors sworn to try this case were incompetent, biased or otherwise unqualified. (See Nowling v. Williams, Sup.Ct. Fla. 1975, 316 So.2d 547).
There is yet another reason why I would affirm. As recited in the majority, appellant was convicted by a jury of the crimes of assault to rob and assault to commit murder. The victim, one Kenneth Hillman, testified that he was the manager of a Winn-Dixie Store at the time of the commission of the crimes. At about 10:30 a.m. on the morning that the crimes were committed he was approached by a man who said: "Mr. Hillman, this is a holdup" and was thereupon threatened with a revolver. The man then directed Hillman to go with him to the office where Mr. Hillman attempted for some 15 to 20 minutes to induce the man not to proceed with his plan. Finally the man demanded that Mr. Hillman open the door accompanying his demand by a threat to shoot the head cashier. While Hillman was attempting to open the door the armed man grabbed the keys from him whereupon Hillman attempted to take the gun away. Hillman was then shot just above the heart. At the trial Mr. Hillman identified appellant as the man who had attempted to rob him and who shot him. Mr. Roy Touchton, a supervisor of the Winn-Dixie Store, also identified appellant as did the assistant manager. In short, appellant's guilt was overwhelmingly established. Our Supreme Court aptly stated, while discussing another rule, that "It was never intended to furnish a defendant with a procedural device to escape justice." (See Richardson v. State, Sup.Ct. Fla. 1971, 246 So.2d 771, 774) In the same case that Court said:
"We thus have jurisdiction, and now turn to the merits of the cause before us. In so doing we hold that the violation of a rule of procedure prescribed by this Court does not call for reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. * * * This is particularly true *53 in view of the purpose of the Florida Rules of Criminal Procedure. As stated in Rule 1.020 of the rules themselves: `These rules are intended to provide for the first determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration.' Furthermore, the Rule in question must be considered by an appellate court in pari materia with the provisions of our harmless error statute, viz., F.S. 924.33, F.S.A. which provides that rulings or proceedings in criminal cases that are not prejudicial or harmful do not require reversal. * * *" (246 So.2d at page 774)
(To like effect are Johnson v. State, Sup. Ct. Fla. 1974, 308 So.2d 38; Williams v. State, Sup.Ct. Fla. 1975, 316 So.2d 267; State v. Lyles, Sup.Ct. Fla. 1975, 316 So.2d 277; and Estes v. State, Sup.Ct. Fla. 1975, 316 So.2d 276).
No prejudice nor harm has been demonstrated.
Further, as already above observed, the evidence in the case sub judice was so clear and convincing as to leave no reasonable doubt but that the defendant was guilty of the crimes for which he was convicted. Where the evidence of guilt is overwhelming even a constitutional error may be rendered harmless. (Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). See also Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972) and special concurring opinion of Justice Overton in Sullivan v. State, Sup.Ct.Fla. 1975, 303 So.2d 632) In the light of the evidence and the last cited decisions I have no difficulty in concluding that the refusal of the trial judge to permit belated peremptory challenges, if error at all, was harmless.
The appellant was clearly guilty, the jury so found and his conviction should be sustained.