BASKIN, Judge.
We reverse defendant Holloway’s convictions of burglary and grand theft because the record discloses that defense counsel was denied the right to exercise remaining peremptory challenges prior to the swearing of the jury.
[T]he right of a prisoner to challenge any juror peremptorily is absolute at any time before the juror is sworn, and ... no circumstances can bring that right within the discretion of the court so long as it is confined to the number of peremptory challenges allowed by law.
O’Connor v. State, 9 Fla. 215, 228-29 (1860); Ellis v. State, 25 Fla. 702, 6 So. 768 (1889); Walden v. State, 319 So.2d 51 (Fla. 1st DCA 1975); Shelby v. State, 301 So.2d 461 (Fla. 1st DCA 1974); Knee v. State, 294 So.2d 411 (Fla. 4th DCA 1974); Kennick v. State, 107 So.2d 59 (Fla. 1st DCA 1958); Fla.R.Crim.P. 3.350; Fla.R.Crim.P. 3.310.
Reversed and remanded for a new trial.