429 So.2d 758 (1983)
Robert Lee GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1577.
District Court of Appeal of Florida, Fourth District.
April 6, 1983.
Rehearing Denied May 4, 1983.
*759 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Andrea T. Mohel and Robert L. Bogen, Asst. Attys. Gen., West Palm Beach, for appellee.
DELL, Judge.
Robert Lee Grant appeals from judgments of conviction on three counts of robbery with a firearm, one count of attempted robbery with a firearm, and kidnapping. Appellant raises four points on appeal, one of which merits discussion. He contends that the trial court erred by swearing the jurors immediately after acceptance, thus preventing him from exercising his peremptory challenges to back strike jurors as the makeup of the jury changed.
Before voir dire began, the trial judge announced, "There will be no strikebacks." The prosecutor suggested that to preclude any possible problem about the no strikeback policy, the court should swear each juror immediately upon acceptance by both sides and then send the juror(s) to the jury room. The trial judge adopted this procedure over appellant's objection. Thereafter, counsel questioned the first panel of prospective jurors and when counsel completed their questioning, the trial judge required them to exercise their challenges. Appellant challenged two jurors from the first panel and the prosecutor challenged none. The trial judge immediately gave the oath to the four remaining jurors and directed them to retire to the jury room. Thereafter, the court, upon acceptance of each additional juror, swore that juror and directed the juror to wait in the jury room. Appellant exhausted his peremptory challenges prior to the selection of the last juror. Appellant had requested additional challenges at the commencement of the voir dire and periodically during the voir dire proceeding. The trial judge consistently denied appellant's request for additional challenges and on each occasion stated that his request was premature. Finally, a Mr. Robertson was called as a prospective juror. After appellant completed his questioning of Mr. Robertson, he again requested an additional peremptory challenge to strike Mr. Robertson. The court responded, "You should have thought about that when you were knocking off before. Motion denied." The record demonstrates that appellant had no basis to challenge Robertson other than by use of a peremptory challenge.
Although appellant argues on appeal that the trial court erred in adopting a "no strikeback" procedure, the record reflects that appellant never requested the trial court's permission to strike a juror previously sworn, as permitted by Rule 3.310. Appellant objects only to the service of Robertson on the panel, who served not because the procedure prevented appellant from striking him, but because appellant had exhausted his peremptory challenges. Although the trial court's procedure may have contributed to appellant's early exhaustion of his peremptory challenges, a problem with which every trial lawyer finds himself confronted from time to time, appellant has failed to demonstrate any prejudice as a result of the trial judge's action in this case.
However, the trial court's procedure merits discussion. Here the trial judge took the ultimate step to prevent strikebacks by swearing each individual juror immediately upon acceptance by both sides. The right to exercise peremptory challenges traces its Florida origins to O'Connor v. State, 9 Fla. 215, 216, 229 (1860):
If the prisoner, at any time before any juror was or jurors were sworn, had retracted his election of such juror or jurors and expressed his desire to challenge him or them, it was his right to do so until the whole of his peremptory challenges were exhausted.
*760 Florida courts have consistently held for more than one hundred years that a prospective juror may be challenged at any time before that juror is sworn. See, e.g., Jones v. State, 332 So.2d 615 (Fla. 1976); Knee v. State, 294 So.2d 411 (Fla. 4th DCA 1974); Walden v. State, 319 So.2d 51 (Fla. 1st DCA 1975); Shelby v. State, 301 So.2d 461 (Fla. 1st DCA 1974).
However, after a juror or jurors are sworn, the defendant no longer has a right to challenge. In Mathis v. State, 45 Fla. 46, 34 So. 287 (1903), the trial judge swore seven jurors before the completion of the jury panel and thereafter swore each newly chosen juror individually. The Supreme Court said:
We are of the opinion that, while it may be the better practice to postpone the swearing in chief of the jurors until the full panel is obtained, so as to allow the longest possible time for peremptory challenges ... in the absence of a statutory provision, the rule is that the time and manner of swearing jurors in chief, after they have been examined on voir dire, and an opportunity given for challenge, are within the sound judicial discretion of the court.
Id., 34 So. at 291.
Although this situation has less frequently arisen, the cases continue to hold that the time and manner of swearing the jury rest in the sound discretion of the trial judge. See Buchanan v. State, 95 Fla. 301, 116 So. 275 (1928); King v. State, 125 Fla. 316, 169 So. 747 (1936); Bocanegra v. State, 303 So.2d 429 (Fla. 2d DCA 1974), cert. dismissed, 308 So.2d 111 (Fla. 1975).
A lawyer charged with the duty of selecting a jury panel should not be deprived of the opportunity to exercise such peremptory challenges and such challenges for cause which he may have in order to provide him with the greatest opportunity to have a fair and impartial trial by a jury of his peers. In Denham v. State, 421 So.2d 1082 (Fla. 4th DCA 1982), we stated in dicta that the trial court should not prohibit backstriking. Sub judice, the trial judge did not initially offer the accused a full and open jury selection, which he then restricted for reasons within his broad discretion. Rather, at the outset of voir dire he adopted a procedure specifically designed to prevent backstriking. In Denham, appellant failed to properly preserve the question for appeal, but this Court clearly stated that "`Backstriking' or back-challenging should not be prohibited by a trial court."
Appellee has failed to cite and we have found no case which endorses the procedure exercised by the trial judge sub judice. However, neither have we found a case which reverses a trial judge's exercise of discretion in the time and manner of swearing the jurors. Thus, we are not prepared to call the judge's procedure a per se abuse of discretion which would mandate reversal without a showing of prejudice. Nonetheless, we disapprove of the procedure utilized by the trial judge in this case, for it served no purpose at all except to prevent the parties from accepting the jury as a panel.
Therefore, we hold that the trial judge erred when he prohibited backstriking and immediately administered the jurors' oath for the sole purpose of preventing strikebacks. However, we affirm the judgments of conviction because appellant failed to demonstrate that he was prevented from peremptorily challenging a previously accepted juror because of the trial court's no "back strike" procedure.
AFFIRMED.
GLICKSTEIN, J., concurs.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, concurring specially.
In my view, Jones v. State, 332 So.2d 615 (Fla. 1976), and Mathis v. State, 45 Fla. 46, 34 So. 287 (1903), compel the result that we announce today. But, if I were free to choose, I would vote to reverse despite the fact that appellant, who properly objected at trial, has been unable to demonstrate prejudice. The right to the unfettered exercise of peremptory challenges  which, I believe, includes the right to view the panel *761 as a whole before the jury is sworn  is an essential component of the right to trial by jury, a right that "is fundamental to the American scheme of justice." Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). Given the importance of the right and the grievousness of the error, I would opt for automatic reversal as the only remedy which will surely deter such conduct in the future. Cf. Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983).