461 So.2d 1370 (1985)
Edward Joiner KING, Appellant,
v.
STATE of Florida, Appellee.
No. 83-725.
District Court of Appeal of Florida, Fourth District.
January 9, 1985.
*1371 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Edward Joiner King appeals from his conviction of trafficking in cocaine and conspiracy to traffic.
We have considered each of the seven points raised by appellant. Only one point demonstrates reversible error. That point concerns the trial judge's implementation of a procedure which restricted appellant's right to backstrike jurors during voir dire. The following colloquy occurred between the court and counsel before voir dire began:
THE COURT: Let's do this, the way we will handle this trial, the Court will question the jurors. The State will then question, Defense will question and then as to those not challenged we will go ahead and swear them in pursuant to 3.310 which states the State or Defendant may challenge individual prospective jurors before the jury is sworn to try the cause. I will go ahead and swear them in and ship them out to the jury room and continue with the process.
... .
MR. BROUDY: I object, Judge ... by swearing them in doesn't allow us to back strike.
THE COURT: I don't like that word. I don't know what it means, frankly. Pursuant to 3.310, I think it's within the Court's discretion to do so.
... .
MR. GRUSKIN: I will object to the Court's procedure. I think it's precluding back striking... .
... .
THE COURT: That is the way the Court will do it. Your objections are noted for the purpose of the record. The Court will state it is following 3.310.
During voir dire, the trial court denied appellant's motion to exercise a remaining peremptory challenge to backstrike a previously sworn juror. Appellant has adequately demonstrated that the procedure adopted by the trial court interfered with his right to exercise peremptory challenges.
The appellate courts of this state have consistently interpreted both Florida Rule of Civil Procedure 1.431 and Florida Rule of Criminal Procedure 3.310 to protect the right of the litigant to backstrike at any time before a juror is sworn. See Matthews v. State, 451 So.2d 973 (Fla. 4th DCA 1984); Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So.2d 630 (Fla. 5th DCA 1981); Jones v. State, 332 So.2d 615 (Fla. 1976); Knee v. State, 294 So.2d 411 (Fla. 4th DCA 1974). The right to backstrike must be reconciled with the supreme court's statement in Mathis v. State, 45 Fla. 46, 34 So. 287 (1903) that the time for swearing of jurors is in the sound discretion of the trial judge. *1372 Notwithstanding the broad discretion the trial judge has in the timing and manner of swearing in a juror, the exercise of that discretion is subject to review.
We said in Grant v. State, 429 So.2d 758, 760 (Fla. 4th DCA 1983), petition for review denied, 440 So.2d 352 (Fla. 1983) that
A lawyer charged with the duty of selecting a jury panel should not be deprived of the opportunity to exercise such peremptory challenges and such challenges for cause which he may have in order to provide him with the greatest opportunity to have a fair and impartial trial by a jury of his peers.
Judge Hurley, in his special concurrence summarizes what appears to be the underlying basis for each of the many appellate decisions which have without hesitation held that a litigant has the right to exercise his peremptory challenges at any time until the jury is sworn.
The right to the unfettered exercise of peremptory challenges  which, I believe, includes the right to view the panel as a whole before the jury is sworn  is an essential component of the right to trial by jury, a right that "is fundamental to the American scheme of justice." Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968).
Grant, 429 So.2d at 760-61.
In Grant v. State, we stated, albeit in dicta, "the trial judge erred when he prohibited backstriking and immediately administered the jurors' oath for the sole purpose of preventing strikebacks." Id. at 760. We recognize that trial judges today face a large volume of cases and that the procedure implemented by the trial judge sub judice may speed the voir dire process. However, we do not believe that expediency should form the basis of a procedure which effectively deprives a litigant from selecting a jury panel as a whole and deprives him of the free exercise of his peremptory challenges.
With the issue now squarely before us, we hold that the procedure adopted by the trial judge unreasonably restricted appellant's right to exercise peremptory challenges as provided in Rule 3.310 and constituted an abuse of discretion which requires reversal. Therefore we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
HERSEY, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
The fact that we as a court or as individuals do not like a particular activity is not a sufficient basis for reversal. In every case in which we reverse a trial judge, we must have a reason for it: some basis in the federal or state constitution, a state statute, or a rule of court or procedure.
Taking the last first, there is clearly no formal rule of procedure which would require a trial judge to allow backstrikes. The closest rule is Florida Rule of Criminal Procedure 3.310, which requires unfettered peremptory challenge prior to swearing in a jury. Because the challenges here were sought after jurors were sworn this rule is not implicated, as distinguished from our recent opinion in Matthews v. State, 451 So.2d 973 (Fla. 4th DCA 1984).
The majority relies on our opinion in Grant v. State, 429 So.2d 758 (Fla. 4th DCA 1983), which said in dicta that the trial judge erred in utilizing a procedure calculated to prevent backstriking. Grant relied in turn upon Denham v. State, 421 So.2d 1082 (Fla. 4th DCA 1982), which contained the completely gratuitous statement that backstriking should not be prohibited by the trial court. In neither Grant nor Denham was any authority cited for these statements, and current reliance on them imbues the statements with the status of court-made rules of procedure. I must respectfully suggest that we have no authority whatsoever to create a rule of procedure. The Florida Constitution has delegated that authority to the Florida Supreme Court in Article V, section 2(a). Had our Supreme Court adopted such a rule, we would justifiably reverse.
*1373 Nor may reversal be predicated upon the basis of a state or federal statute, for none impacts on the issue in question. The only other possible ground for argument is that preclusion of backstriking embarrasses the right guaranteed by the United States Constitution to unrestrained selection of the jurors who will try one's case. In St. Clair v. United States, 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936 (1894), however, the nation's highest court held constitutional a similar, former California practice in which the jurors were sworn in a piecemeal fashion, precluding the defendant from viewing them as a panel. Although old, St. Clair is still whole and is therefore binding on us with respect to the United States Constitution.
In short, we had no authority in Grant and Denham to hold this procedure erroneous, and an opinion basing itself on these two decisions only compounds their error. Those on the appellate bench who decry the procedure used here should suggest that the Florida Supreme Court remedy the problem in its next promulgation of Florida Rules of Procedure and should not attempt an unconstitutional usurpation of that court's rule-making authority.